McGean *v.* McGean.

Pauline C. McGean, appellant,

*v.*

James J. McGean, respondent.

[Filed August 30th, 1901.]

A case of *obstinate* desertion is not made out against the husband if it appears that the separation was not against the will of the wife.

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *15 Dick. Ch. Rep. 21.*

*Miss Mary Philbrook,* for the appellant.

The opinion of the court was delivered by

Gummere, J.

The appellant, Pauline C. McGean, filed her petition in the court of chancery for divorce from her husband on the ground of desertion. The case came on to be heard before the vice-chancellor *ex parte,* and his conclusion upon the proofs was that the petitioner had failed to show that she was, at the time of the filing of her petition and had been for two years preceding that time, a *bona fide* resident of the State of New Jersey. For this reason he refused a divorce.

Our examination of the evidence has led us to the conclusion that the question of the *bona fides* of the residence of the petitioner is one of considerable doubt; but we find that she has failed to establish the desertion of the defendant, for the statutory period, by that *quantum* of proof which the law requires; and conclude that, for this reason, she was not entitled to a decree of divorce.

It appears from the testimony that the parties were married secretly on the 9th day of September, 1897, at which time they

McGean v. McGean.

were both residents of the city of Brooklyn, New York; that they spent the night of their wedding day together at a hotel in that city; that the next day they separated by mutual consent, the arrangement being that the petitioner should return to, and remain with, her mother until the month of November following; that, during that period, the husband should reside in "the country," and that when he should receive his share of his father's estate (which he expected would be in the month of November) the appellant and respondent "would begin housekeeping." On the 1st day of October, less than three weeks after her marriage, and before the agreed upon time for the resumption of marital relations by the parties had arrived, the petitioner removed to Jersey City, in this state, with the avowed purpose of acquiring such a residence here as would enable her to obtain a divorce from her husband on the ground of desertion. On the 2d day of October, 1899, just two years after the removal of the petitioner to this state, she filed her petition in this suit. In order to be entitled to a decree, therefore, the burden was upon her to show that, between the 10th day of September, 1897, when she and her husband separated temporarily by mutual consent, and the 1st day of October, when she had made up her mind to acquire a residence in the State of New Jersey for the purpose of obtaining a divorce from her husband, the latter willfully deserted her, and that, from that time until the filing of the bill, the desertion was continuous and obstinate. The following are the only facts appearing in the testimony which show the character of the relations of these parties during the period mentioned: On the Saturday night after their wedding the defendant called upon the petitioner at her mother's house. The petitioner, in her testimony, speaking of this visit, says: "We had playing and singing, and everything was pleasant. He stayed until about eleven o'clock, and said he would call the next day." It further appears that he did call the next day, but did not see the petitioner, as she sent word to him by her sister that she was too sick to see him. The case is silent as to what occurred, or was said, if anything, between the defendant and the petitioner's sister, on this occasion, bearing upon the question of the defendant's desertion of his wife. It further

McGean v. McGean.

appears that, about two weeks- after making this call, the defendant wrote a letter to the petitioner, which she received and answered. There is no other testimony in the case upon the subject of the relations of these parties to one another during the time mentioned. It is manifest, therefore, that, if there is anything in the proofs upon which the conclusion can be based that the defendant willfully deserted the petitioner before the 1st day of October, 1897, it must be found in this letter of his to her. The letter, the petitioner says, she destroyed, but she testifies to its contents, portions of which, if her testimony was supported, would, perhaps, justify the conclusion of a desertion at that time by the husband. But what the contents of the letter were, so far as they show an intent on the part of the writer to desert his wife, rests upon the testimony of the petitioner alone, and it is entirely settled in this state that a divorce will not be granted upon the unsupported testimony of the petitioner as to the fact of the desertion. *Tate* v. *Tate, 11 C. E. Gr. 55; Pullin* v. *Pullin, 2 Stew. Eq. 541; Sandford* v. *Sanford, 5 Stew. Eq. 420; McShane* v. *McShane, 18 Stew. Eq. 341; Costill* v. *Costill, 2 Dick. Ch. Rep. 346.*

The petitioner's mother was examined as a witness in the case, and testified as to some parts of the contents of the letter, which she said that she had read. Those portions, however, show no intent of the husband to desert his wife.

It is insisted, on behalf of the petitioner, that the conduct of the defendant, subsequent to October 1st, 1897, shows that he had no intention of ever resuming marital relations with his wife. Conceding this to be so (although I am unable to discover satisfactory proof of it in the testimony), it cannot benefit the petitioner. Her conduct in removing to this state on that day, with the avowed object of acquiring a residence here for the purpose of obtaining a divorce from her husband at the expiration of two years, and her steadfast holding to that purpose up to the filing of her petition in this case, demonstrate that the separation was not against her will, and consequently that the desertion was not an obstinate one, within the meaning of the statute. *Moores* v. *Moores, 1 C. E. Gr. 275; Newing* v. *Newing, 18 Stew. Eq. 498; Hall* v. *Hall, 15 Dick. Ch. Rep. 469.*

The decree should be affirmed.

*For affirmance*—DIXON, GUMMERE, COLLINS, ADAMS, VOOR-HEES, VROOM—6.

*For reversal*—VAN SYCKEL, GARRISON, FORT, HENDRICKSON, VREDENBURGH—5.